# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 26, 2016

| | | |
|---|---|---|
| ************************************* | * | UNPUBLISHED |
| THUY NGUYEN, as Parent and Natural | * | |
| Guardian of S.N., | * | |
| | * | |
| Petitioner. | * | No. 12-479V |
| | * | |
| v. | * | |
| | * | Chief Special Master Dorsey |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | DTap; Hib; IPV; Prevnar; |
| | * | Rotavirus; Sudden Infant Death |
| Respondent. | * | Syndrome ("SIDS"). |
| | * | |
| ************************************* | | |

Anne C. Toale, Maglio, Christopher & Toale, Sarasota, FL, for petitioner.
Lara Englund, United States Department of Justice, Washington, DC for respondent.

### DECISION DISMISSING PETITION[1]

On July 27, 2012, Thuy Nguyen ("petitioner") filed a petition on behalf of her deceased minor child, S.N., for compensation under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (2012) ("Vaccine Act").  Petitioner alleges that as a result of receiving DTaP, Hib, IPV, Prevnar, and Rotavirus vaccinations on April 4, 2011, S.N. suffered from Sudden Infant Death Syndrome ("SIDS") and passed away on April 5, 2011.  Petition at ¶¶ 2, 4.

On April 21, 2016, petitioner filed a motion for a decision dismissing the petition.  In the motion, petitioner states that due "recent developments in SIDS litigation" and the undersigned's recent ruling Cozart v. Sec'y of Health & Human Servs., No. 00-590V, 2015 WL 6746499 (Fed.

---

1 Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

Cl. Spec. Mstr. Oct. 15, 2015); motion for rev. denied 2016 WL 1165978 (Fed. Cl. March 9, 2016), she will "be unable to prove that she is entitled to compensation."  Petitioner's ("Pet'r's") Motion for Decision dated April 21, 2016 (ECF No. 66), at ¶ 1.  Petitioner states that she understands that a decision by the Special Master will result in a judgment against her, and that such a judgment will end all of S.N.'s rights in the Vaccine Program.  Id. at ¶ 3.  Petitioner also states that she wishes to preserve her right to file a civil action.  Id. at ¶ 5.  Respondent does not oppose petitioner's motion, except to preserve the right to oppose petitioner's application for fees and costs.  Id. at ¶ 4.

To receive compensation under the Program, petitioner must prove either: 1) that S.N. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to a vaccination, or 2) that he suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that S.N. suffered a "Table Injury," nor does petitioner allege that he suffered a "Table Injury."  Further, the record does not contain any persuasive evidence indicating that S.N.'s injury was caused by the vaccinations he received on April 4, 2011.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  Petitioner has filed expert reports from Dr. M. Eric Gershwin and Dr. Douglas Miller. Though these opinions have been offered, in light of the undersigned's recent ruling in Cozart, they are not persuasive.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that S.N. suffered a "Table Injury" or that his injuries were caused-in-fact by vaccination.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master